**FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, Plaintiff—Appellant,**

v.

**UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, Defendant—Appellee.**

No. 05–36103.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 7, 2007.

Resubmitted Jan. 11, 2008.

Filed May 5, 2008.

Timothy M. Bechtold, Bechtold Law Firm PLLC, Missoula, MT, for Plaintiff–Appellant.

Lisa E. Jones, Environment & Natural Resources Division, Charles R. Scott, ENRD–Appellate Section, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Forest Service Employees for Environmental Ethics ("FSEEE") appeals from the district court's grant of summary judgment in favor of the United States Forest Service ("USFS"). FSEEE challenged the use of a volunteer trainee Peter Uherek, a citizen of the Czech Republic, to mark trees sold in connection with the Biscuit Fire Recovery Project and the sales contracts entered into with purchasers by the USFS with respect to that project, under the National Forest Management Act of 1976 ("NFMA"), 16 U.S.C. § 472a(g). FSEEE sought both declaratory and injunctive relief. On appeal, the USFS argues that FSEEE's challenges are moot.

### I

With respect to the claim for declaratory and injunctive relief, the central question is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Ctr. For Biological Diversity v. Lohn,* 511 F.3d 960, 963 (9th Cir.2007) (internal quotation marks omitted).

Here, Uherek has completed his training with the USFS and left the country. The sales with which he was involved are completed. In any event, the USFS states that it does not intend to utilize him for other projects and FSEEE has not suggested otherwise. Therefore, any declaratory or injunctive relief regarding the use of Uherek would not be meaningful because he is no longer being used nor is there any indication that he will be used again. Therefore, FSEEE's claim with respect to Mr. Uherek's role is moot. *Lohn,* 511 F.3d at 963.

* This disposition is not appropriate for publication and is not precedent except as provided

### II

As to the legality of the sales contracts, a claim is not moot where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Hubbart v. Knapp,* 379 F.3d 773, 777 (9th Cir.2004).

Here, neither criterion is satisfied. Despite the express reservation by the USFS, there is no "reasonable expectation that [FSEEE] [will] be subject to the same action again" with respect to the contracts. *Id.* The alleged injury suffered by FSEEE is not subject to repetition because the sale of the trees in which FSEEE has claimed an interest has been completed. Moreover, because a preliminary injunction is generally available in cases such as these, there is no risk that the action causing injury will be "too short to be fully litigated prior to cessation or expiration." *Id.* Therefore, this claim is also moot.

**VACATED** and **REMANDED** with instructions to **DISMISS** as moot.

The parties shall bear their own costs on appeal.